```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

GARY ZERMENO,                    §
                                 §
             Plaintiff,          §
                                 §
v.                               §
                                 §   CIVIL ACTION NO. H-10-1792
CLAUDIA I. CANTU and             §
DAVID R. GARZA                   §
d/b/a SIMPLIFY TECHNOLOGY,       §
                                 §
             Defendants.         §

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Gary Zermeno, brings this action against defendants, Claudia I. Cantu and David R. Garza d/b/a Simplify Technology, for unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Pending before the court is Defendant David R. Garza's Motion for Summary Judgment (Docket Entry No. 14). For the reasons explained below, defendant's motion for summary judgment will be denied.

**I.   Standard of Review**

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles the movant to judgment. Fed. R. Civ. P. 56(c)(2). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party.  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986).  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 106 S. Ct. at 2553-2554).

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.  Id. citing Celotex, 106 S. Ct. at 2553-2554.  In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  Little, 37 F.3d at 1075.

-2-

## II. Undisputed Facts

Defendant David R. Garza is part owner of a business operating under the assumed name Simplify Technology ("STI"), which contracts with retail service providers such as Comcast to install residential broadband equipment.[1] Plaintiff Gary Zermeno worked for defendant as a "cable technician" or "subcontractor" installing broadband cable television, telephone, and internet service equipment from November of 2008 until April of 2009.[2] Garza compensated Zermeno based on the number of installations or "work orders" he completed.[3] Upon accepting the job as cable technician for STI, Zermeno signed an independent contractor agreement titled "Standard Contract for Subcontractor to Provide Broadband Services" ("The Contract").[4] The Contract stated that "the services rendered under this agreement shall be solely as an independent contractor."[5]

---

[1] Affidavit of David Garza, Exhibit A to Defendant's Motion for Summary Judgment ("Defendant Garza's Motion"), Docket Entry No. 14-1, ¶¶ 2, 3.

[2] Id. ¶ 6; see also Affidavit of Gary Zermeno, Exhibit A to Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff Zermeno's Response"), Docket Entry No. 15-1, ¶ 2.

[3] Affidavit of David Garza, Exhibit A to Defendant Garza's Motion, Docket Entry No. 14-1, ¶ 7; see also Affidavit of Gary Zermeno, Exhibit A to Plaintiff Zermeno's Response, Docket Entry No. 15-1, ¶ 5.

[4] Affidavit of David Garza, Exhibit A to Defendant Garza's Motion, Docket Entry No. 14-1, ¶¶ 5, 7; see also Affidavit of Gary Zermeno, Exhibit A to Plaintiff Zermeno's Response, Docket Entry No. 15-1, ¶ 3.

[5] Standard Contract for Subcontractor to Provide Broadband Services ("The Contract"), Exhibit B to Defendant Garza's Motion, Docket Entry No. 14-2, ¶ 4.

### III. <u>Analysis</u>

On May 19, 2011, plaintiff filed his Original Complaint[6] in which he alleges that defendants failed to pay him the minimum overtime compensation as required by the FSLA. Asserting that he was an employee of the defendants and that he worked more than forty hours a week, plaintiff seeks to hold defendants liable under the FSLA for failure to pay federally mandated overtime compensation for services performed while he worked as a "cable technician" for STI.

**A. Applicable Law**

The FLSA provides as a general rule that an employer must pay overtime compensation of one and one-half times the employee's regular rate for all hours worked in excess of forty per week. 29 U.S.C. § 207(a)(1); <u>see also</u> <u>Vela v. City of Houston</u>, 276 F.3d 659, 666 (5th Cir. 2001). A plaintiff alleging a violation of the overtime requirement bears the burden of proving by a preponderance of the evidence that (1) he was in an employment relationship with the defendants, (2) he was engaged in activities within the coverage of the FSLA, (3) he worked over forty hours within a workweek without overtime compensation, and (4) he is owed a

---

[6]Plaintiff's Original Complaint, Docket Entry No. 1, p. 1. Plaintiff filed the complaint as an individual action and as a collective action to recover unpaid overtime compensation owed to him and to all other similarly situated employees. However, plaintiff has made no further effort to certify the action for collective action treatment.

definite amount of compensation.  29 U.S.C. § 207(a)(1); Reyes v. Texas EzPawn, L.P., No. V-03-128, 2007 WL 3143315, at *1 (S.D. Tex. Oct. 24, 2007) (citing Cash v. Conn Appliances, Inc., 2 F.2d 884, 892 (E.D. Tex. 1997)).  Defendant argues that he is entitled to summary judgment because plaintiff performed work for defendants not as an employee, but as an independent contractor, and is not entitled to overtime under 29 U.S.C.A. § 207(a)(1).[7]

Under the FLSA "the term 'employee' means any individual employed by an employer."  29 U.S.C. § 203(e)(1).  To determine whether a worker qualifies as an employee under the FLSA, the court asks whether, as a matter of economic reality, the worker is economically dependent on the alleged employer or is instead in business for himself.  Hopkins v. Cornerstone Am., 545 F.3d 338, 343 (5th Cir. 2008).  The court considers the following non-exhaustive factors:  (1) the degree of control exercised by the alleged employer, (2) the extent of the relative investments of the worker and the alleged employer, (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer, (4) the skill and initiative required in performing the job, and (5) the permanency of the relationship. Thibault v. Bellsouth Telecommunications, Inc., 612 F.3d 843, 846 (5th Cir. 2010); Hopkins, 545 F.3d at 343.  The contractual designation of the worker as an independent contractor is not

---

[7]Defendant Garza's Motion, Docket Entry No. 14, p. 3.

necessarily controlling. <u>Thibault</u>, 612 F.3d at 845-46. The ultimate determination of whether an individual is an employee within the meaning of the FLSA is a question of law. <u>Brock v. Mr. W Fireworks, Inc.</u>, 814 F.2d 1042, 1045 (5th Cir. 1987).

**B.   Application of Law to the Facts**

Defendant does not dispute that plaintiff was not paid overtime compensation or that he was engaged in activities within the coverage of the FSLA. Instead, defendant argues that plaintiff was an independent contractor and not an employee under the FLSA. Defendant relies on the Standard Contract for Subcontractors to Provide Broadband Services that plaintiff signed before working for Garza d/b/a Simplify Technology.[8] Defendant argues that he exercised little control over the plaintiff since plaintiff was only instructed to work diligently in order to complete the assignments during the time frame requested by the customer and was never told how to schedule his routes.[9] According to defendant, plaintiff was free to work as much or as little as he chose and was permitted to have other jobs.[10] Defendant argues that the independent contractor relationship is also supported by the fact that plaintiff made "significant investment" in the work he

---

[8] <u>Id.</u>; <u>see also</u> The Contract, Exhibit B to Defendant Garza's Motion, Docket Entry No. 14-2, ¶ 1.

[9] Affidavit of David Garza, Exhibit A to Defendant Garza's Motion, Docket Entry No 14-1, ¶ 10.

[10] <u>Id.</u> ¶¶ 8-9.

-6-

performed.  According to both the defendant and The Contract, plaintiff was responsible for providing all of his own tools, equipment, and vehicles necessary to perform the jobs assigned to him.[11]  Plaintiff was also required to provide general liability insurance, automobile insurance, and workers' compensation coverage for all employees he hired should he choose to do so.[12]  Defendant argues that plaintiff was an independent contractor because he had an opportunity for profit and loss.  Plaintiff had control over the amount of compensation he earned because he was free to work as much as he chose.[13]  Furthermore, plaintiff was given the opportunity to hire his own work staff,[14] and The Contract expressly waived any guarantee of a minimum work load.[15]  Defendant argues that the plaintiff's status as an independent contractor is also demonstrated by the fact that the plaintiff was solely responsible for acquiring the necessary job skills[16] and because the job lacked

---

[11]Id. ¶ 12; The Contract, Exhibit B to Defendant Garza's Motion, Docket Entry No. 14-2, ¶ 2.

[12]The Contract, Exhibit B to Defendant Garza's Motion, Docket Entry No. 14-2, ¶¶ 2-3.

[13]Affidavit of David Garza, Exhibit A to Defendant Garza's Motion, Docket Entry No. 14-1, ¶ 8.

[14]Id. ¶ 11; see also The Contract, Exhibit B to Defendant Garza's Motion, Docket Entry No. 14-2, ¶ 2.

[15]The Contract, Exhibit B to Defendant Garza's Motion, Docket Entry No. 14-2, ¶ 2.

[16]Affidavit of David Garza, Exhibit A to Defendant Garza's Motion, Docket Entry No. 14-1, ¶ 16; The Contract, Exhibit B to Defendant Garza's Motion, Docket Entry No. 14-2, ¶ 2.

permanency since either party could terminate the relationship with thirty-days' notice.[17] Because plaintiff scheduled his routes, determined his work load, furnished all his equipment, developed his own job skills, and was in a relationship that could be terminated at any time, defendant contends the plaintiff was in business for himself and was therefore an independent contractor not entitled to FSLA protections.[18]

Plaintiff responds that defendant's motion for summary judgment should be denied because The Contract does not reflect the true relationship between the parties.[19] Plaintiff cites his affidavit, which states that although he signed The Contract, he made defendant aware he had no plans to hire any work staff and only signed The Contract because defendant required him to do so.[20] Plaintiff states that none of STI's workers hired their own employees, and STI furnished all equipment installed in the customers' homes.[21] Plaintiff was required to report to the STI offices no later than 7 a.m. and at certain times of the day to see whether STI had assigned him additional work orders.[22] Plaintiff

---

[17]The Contract, Exhibit B to Defendant Garza's Motion, Docket Entry No. 14-2, ¶ 1.

[18]Defendant Garza's Motion, Docket Entry No. 14, pp. 6-8.

[19]Plaintiff Zermeno's Response, Docket Entry No. 15, p. 1.

[20]Affidavit of Gary Zermeno, Exhibit A to Plaintiff Zermeno's Response, Docket Entry No. 15-1, ¶ 3.

[21]Id. ¶¶ 3, 6.

[22]Id. ¶¶ 6, 7.

specifically denies defendant's allegation that he was free to work as little or as much as he wanted.[23] He had no choice in the number of work orders delegated to him and was instead required to complete all his assignments, often forcing him to work late into the evening.[24] Plaintiff was required by STI to work six days a week, often twelve or more hours a day; and STI made it clear that if he failed to appear and receive his work orders, he would be terminated.[25]

Plaintiff argues that he was an employee of the defendant because when the facts of his affidavit are viewed in light of the five factors considered when determining the nature of a work relationship, it is clear that plaintiff was not in business for himself but was dependant on defendant for his entire income. Plaintiff argues that the defendant exercised considerable control as plaintiff had no discretion in the amount of work he was delegated or in his work schedule. Plaintiff argues that he had no opportunity for profit or loss[26] because he had no freedom in determining his work load and was unable to hold other jobs given the extensive work hours STI required.[27] Although he used his own tools and vehicle, plaintiff argues that he did not heavily invest

---

[23]Id. ¶ 8.

[24]Id. ¶¶ 5, 7.

[25]Id. ¶ 8.

[26]Plaintiff Zermeno's Response, Docket Entry No. 15, p. 4.

[27]Affidavit of Gary Zermeno, Exhibit A to Plaintiff Zermeno's Response, Docket Entry No. 15-1, ¶ 8.

in the relationship because it is standard practice in the broadband cable industry for technicians to provide such; and STI provided all the work orders and equipment installed in customers' homes.[28] Plaintiff argues that the relationship between the parties was not permanent because the freedom for either party to terminate the relationship with thirty-days' notice closely resembles that of an "at-will" employment relationship.[29] Because the work load and work schedule were at the discretion of the defendant, because there was little opportunity for profit or loss, and because the relationship resembled that of an at-will employment relationship, plaintiff argues that in economic reality he was an employee of the defendant.

Although both parties agree Zermeno signed the "Standard Contract for Subcontractor to Provide Broadband Services," which stated that "the services rendered under this agreement shall be solely as an independent contractor,"[30] the contractual designation of a worker as an independent contractor is not necessarily controlling. Thibault, 612 F.3d at 845-46. If The Contract was not reflective of the true relationship, and the defendant

---

[28]Plaintiff Zermeno's Response, Docket Entry No. 15, p. 4; Affidavit of Gary Zermeno, Exhibit A to Plaintiff Zermeno's Response, Docket Entry No. 15-1, ¶¶ 4, 6.

[29]Plaintiff Zermeno's Response, Docket Entry No. 15, p. 5.

[30]Affidavit of David Garza, Exhibit A to Defendant Garza's Motion, Docket Entry No. 14-1, ¶¶ 5, 7; see also Affidavit of Gary Zermeno, Exhibit A to Plaintiff Zermeno's Response, Docket Entry No. 15-1, ¶ 3.

exercised considerable control over the plaintiff, as plaintiff's affidavit states, a reasonable jury could conclude that in economic reality the plaintiff was an employee of STI. Because the plaintiff's affidavit raises a genuine issue of material fact with respect to the five factors the court is to consider in determining whether the plaintiff is an employee or an independent contractor under the economic reality analysis, defendant Garza's motion for summary judgment will be denied.

Defendant Garza notes in his motion that "[t]he record reflects that defendant Claudia I. Cantu was not served with process within one hundred and twenty (120) days after the complaint was filed as required by Fed. R. Civ. P. 4(m)."[31] According to the Order for Conference and Disclosure of Interested Parties, "[t]he failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative."[32] Because the record does not reflect that the plaintiff has filed proof of service against Cantu, although the case has been pending since May 19, 2010, the court will dismiss the plaintiff's claims against Cantu without prejudice.

---

[31]Defendant Garza's Motion, Docket Entry No. 14, p. 1, n.2.

[32]Order for Conference and Disclosure of Interested Parties, Docket Entry No. 2, ¶ 9.

## IV. Conclusion and Order

For the reasons explained above, Defendant Garza's Motion for Summary Judgment (Docket Entry No. 14) is **DENIED**, and plaintiff Zermeno's claims against defendant Claudia I. Cantu are **DISMISSED without prejudice**.

**SIGNED** at Houston, Texas on this the 24th day of June, 2011.

```
                                    _____
                                              SIM LAKE
                                    UNITED STATES DISTRICT JUDGE
```